

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
ATTORNEY GENERAL

Honorable Evans J. Adkins
County Attorney
McCulloch County
Brady, Texas

Dear Sir:

Opinion No. O-7041

Re: Whether McCulloch County
Electric Cooperative is
subject to "rental" imposed
by the City of Richland
Springs.

Your letter requesting opinion on the captioned
subject has been given most careful consideration by this
department. This letter reads in part as follows:

"Recently the McCulloch County Electric
Cooperative, a corporation organized under Art.
1528b of the Statute purchased from the Com-
munity Public Service Company their electric
system in Richland Springs, San Saba County,
Texas, in order to better serve the rural
sections adjoining said town, which system in-
cluded certain poles in and along the streets
of Richland Springs, which is an incorporated
town. Prior to said purchase the enclosed
ordinance was adopted by the City Counsel.

". . .

"Sec. 30 of Art. 1528b provides that such
corporations shall be exempt from all excise
taxes of whatsoever kind or nature except a
$10.00 license fee to the Secretary of State.

"I find in 43 P 2d 206 City of Glendale
vs. Bettey that the Court held that a city
ordinance requiring persons engaged in certain
businesses to pay graduated quarterly taxes or
license fees, based on their aggregate volume

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Evans J. Adkins, Page 2

of sales, was an excise tax for revenue, not
regulation, or privilege of carrying on business.
While I have not found anything directly in point
in Texas, it seems to me that Richland Springs
efforts to collect a rental is nothing more or
less than an excise tax and, if so, a rural elec-
tric corporation would not be liable."

Sections 3, 4 and 5 of the ordinance referred to
provide as follows:

"Section 3. That upon the first day of
January, April, July, and October of each and
every year, every person, association, organiza-
tion, or corporation occupying or using the
streets, highways, easements, alleys, parks, or
other public places in Richland Springs, Texas,
with poles, pipes, and for other fixtures shall
as a condition to such further occupancy pay to
the City of Richland Springs for such privileges
a rental equal to two (2%) per cent of the gross
receipts received by such person, association,
organization, or corporation from its business
conducted in the corporate limits of Richland
Springs, Texas, for the quarter next preceding.

"Section 4. That upon receipt of the above
rental by the City of Richland Springs, the City
Secretary shall deliver to the person, association,
organization, or corporation, paying the same, a
receipt for such rental. That upon receipt of the
rental for the quarter ending December 31st of each
calendar year by the City of Richland Springs, the
City Secretary shall deliver to the payer a permit
which shall authorize such person, association,
organization or corporation to use and occupy the
streets, highways, easements, alleys, parks and
other public ways of the City of Richland Springs
in carrying on its business for the next twelve
months.

"Section 5. That the rental for the privilege
of using the streets, alleys, highways, easements,
and public places of Richland Springs, Texas,

Honorable Evans J. Adkins, Page 3

provided for in this Ordinance is not charged as
a tax but is made for the privilege now enjoyed
by such persons, associations, organizations, and
corporations of using the streets, easements,
alleys, and other public ways of the City of
Richland Springs in the conduct of their respective
businesses; and such charges are additional to all
ad valorem and franchise taxes and to all taxes of
every nature whatsoever against the persons, associa-
tions, organizations or corporations mentioned herein."

Section 30 of Article 1528b, under which the Mc-
Culloch County Electric Cooperative was incorporated provides
that:

"Corporations formed hereunder shall pay
annually, on or before May first, to the Secre-
tary of State, a license fee of Ten Dollars ($10)
and such corporations shall be exempt from all
other excise taxes of whatsoever kind or nature."
(Emphasis ours).

In Opinion No. 0-913 this department held that the
quoted section of Article 1528b is valid and operative and
effectually relieves the cooperatives of the tax imposed by
Article 7060, which is an occupation tax upon gas, electric
and water plants, based upon gross receipts of the company.

In final analysis, then, the question to be deter-
mined is whether the so-called "rental" required by the
ordinance of the City of Richland Springs is truly a rental
or is in fact an excise tax.

The authorities are uniform that an "excise tax",
in the modern sense, is any tax not falling within the
classification of poll or property taxes, and embraces
every form of burden not laid directly upon persons or
property. Diefendors v. Gallet (Idaho) 10 P 2d 307;
Saviers v. Smith, 128 NE 269, 101 Oh. St. 132; Klaustein
v. Levin 4 A 2d 861, 176 Md. 423; Shannon v. Streckfus
Steamers, 131 SW 2d 833, 279 Ky. 649. It has been said
that an "excise" is a tax imposed upon the performance of an
act, the engaging in an occupation, or the enjoyment of a
privilege; State v. Brown, 148 NE 94, 112 Oh. St. 590; that
"excise tax" is used synonymously with "privilege" or

Honorable Evans J. Adkins, Page 4

"license tax", Shannon v. Streckfus Steamers, supra.

On the other hand, it is well established that an incorporated city has exclusive power and control over its streets, alleys, etc. (Art. 1016, R.C.S.); that such a city could not be denied the right to charge for the use and occupancy of its streets, but the reasonableness of the rental is the controlling issue (Municipal Gas Co. v. City of Wichita Falls, 66 SW 2d 606. See also Fleming v. Houston Lighting & Power Co. 135 Tex. 463, 138 SW 2d 520, 143 SW 2d 923); that a city may attach conditions to the grant of right to use its streets, and may exact a fee for the privilege given (39 Tex. Jur. 627, Sec. 79). Home Rule cities are given the express power to require rental for the use of its streets, alleys, etc., by Section 12 of Article 1175.

Although, as pointed out above, this department has held that electrical cooperatives are exempt from the excise tax levied by Article 7060, it is worthy of note that the Legislature has recognized therein the right of cities to control the use of their streets and alleys, and to exact a fee for the privilege, in the following provision:

"Nothing in this Article shall be construed as prohibiting an incorporated City or town from making a reasonable charge, otherwise lawful, for the use of its streets, alleys, and public ways by a public utility in the conduct of its business, and each city shall have such right and power; but any such charges, whether designated as rentals or otherwise, and whether measured by gross receipts, units of installation, or in any manner, shall not in the aggregate exceed the equivalent of two (2) per cent of the gross receipts of such utility within such municipality derived from the sale of . . . . electric energy. . . ."

The 2 per cent limitation on such rentals by the legislature is no more than a determination by it that such amount is a reasonable amount to be charged for such use. The rental required by the City of Richland Springs does not exceed such amount.

A tax is the exaction of a contribution from the individual by the sovereign of a share of the costs of government. The amount of such contribution may be measured

Honorable Evans J. Adkins, Page 5

by any of a number of criteria. In the case of a rental of the type required by the City of Richland Springs, a charge is being made for the exercise of a special privilege not enjoyable by all alike. In the case of the cooperative this is especially obvious in that the cooperative is not empowered to furnish electric energy to anyone but its members (Article 1528b, Sec. 4 (4) ). The Legislature has favored and encouraged the electric cooperatives by exempting them from excise taxes. It has not attempted to exempt them from all charges of any type, including the rental exacted by cities for the use of their streets, and absent a specific exemption we cannot infer a legislative intent to favor them further.

From the foregoing it follows that it is the opinion of this department that the McCulloch County Electric Cooperative is not exempt from the payment of the rental charged by the City of Richland Springs.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Arthur L. Moller
Arthur L. Moller
Assistant

ALM:ms


APPROVED OPINION COMMITTEE BY CHAIRMAN